PAHAU, W.., ET AL.. *vs.* RUTH KEELIKOLANI, W., ET AL.

#### ON EXCEPTIONS.

A JUDGMENT was rendered in the Probate Court that all the parties
to this suit are heirs at law of C. K. The plaintiff, one of the
said declared heirs, brought an action of ejectment claiming that
she is sole heir at law of C. K.

The defendants pleaded the former judgment of the Probate Court;

HELD, conclusive as to the relationship thus established. Keahi *vs.*
Bishop, 3 Haw. Rep., 546, reaffirmed.

Opinion of the Court by HARRIS, C. J.

After the death of Charles Kanaina, proceedings were had
before the Chief Justice, sitting as a Probate Court for the
purpose of determining who are the heirs of Charles Kanaina.
To these proceedings the plaintiffs, together with all the per-
sons whom she has summoned as defendants, were parties.

On and before the 19th day of March, A. D. 1879, the Chief
Justice gave a judgment to the effect that all the parties to
this suit are heirs at law of the deceased. From this decision
no appeal was taken by the plaintiffs in this action; and the
plaintiffs now bring their action against all the defendants to
eject them from the piece of land set forth in their com-
plaint, claiming that she is the only heir at law, and putting
at issue the same facts that the Chief Justice had previously
decided upon. At the hearing it was claimed by the counsel
for the plaintiffs that this was a test action for the whole
estate, and that if they succeeded in obtaining a verdict for

the plaintiff they should consider that it had established the right of the plaintiff to the entire estate, and that that fact could not again be questioned in any subsequent action between the parties; and the plaintiffs' counsel admitted that if the verdict should be against the plaintiff, and the jury should find by their verdict that Mrs. Pahau was not a sufficiently near relation to the deceased to entitle her to inherit, the verdict would be conclusive against her.

The defendants plead the former judgment in the Probate proceedings, maintaining that it was a bar to this action.

On this plea the case came on for hearing by agreement, before the full Court, and was elaborately argued by both sides, but more especially by the counsel for the plaintiff.

This case is entirely parallel with the case of Keahi against Bishop, decided in this Court in the April Term, 1874, 3d Haw. Rep., 546. We have reconsidered the whole argument adduced by the counsel for the plaintiff, which was able and exhaustive, and reaffirm the decision rendered in the case of Keahi *vs.* Bishop, namely: "The adjudication of a question of descent or pedigree will be binding, not only in the proceedings in which they take place, but in every other in which the same question is agitated, and the mode in which the question is brought before the Court is immaterial."

"The Probate Court having determined that a certain relationship exists, without reference to the title in any real estate, the related party is entitled to use that decision for the purpose of getting possession of and defending himself in holding any real estate which by such relationship he inherits."

It is adjudged, therefore, that the relationship of the parties to the deceased, or the degree of relationship cannot be re-examined in this case.